UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY GLENN ALEXANDER #163680,

    Petitioner,

v.                                     Case No. 2:06-cv-167
                                        HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Anthony Glenn Alexander filed this petition for writ of habeas corpus, challenging the validity of his state court conviction. Upon a review of the petition, it appears to the undersigned that Petitioner has not exhausted his available state court remedies. Therefore, in accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I recommend that the petition be dismissed for lack of exhaustion as required by 28 U.S.C. § 2254.

A petitioner in a federal habeas corpus proceeding is required to exhaust his available state remedies, except when there is an absence of available state corrective process, or the existence of circumstances renders such process ineffective to protect the rights of the prisoner. 28 U.S.C. § 2254(b) and (c). Moreover, it is the Petitioner's burden to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982), the Supreme Court held that a District Court must dismiss a habeas corpus petition containing unexhausted claims if state

remedies remain available. The Sixth Circuit has also indicated that this court must dismiss a petition for habeas corpus relief where that petition contains unexhausted claims. *See Boggs v. Evitts*, 818 F.2d 534 (6th Cir. 1987). However, exhaustion is not jurisdictional. *Granberry v. Greer*, 481 U.S. 129, 131, 107 S. Ct. 1671, 1673-74 (1987). As a prudential rule, exhaustion is required unless "special circumstances" exist. *Id.* at 134-136. *See also Hafley v. Sowders*, 902 F.2d 480 (6th Cir. 1990); *Weaver v. Foltz*, 888 F.2d 1097 (6th Cir. 1989).[1] In the opinion of the undersigned, such "special circumstances" do not exist in the instant action and therefore exhaustion of available state remedies should be required.

The question remains whether there are state remedies still available to the Petitioner. It would appear to the undersigned that, pursuant to state law, Petitioner is now foreclosed from pursuing a motion for new trial, *see* MCR 6.431(A)(1) (generally prohibiting motions for new trials more than 42 days from entry of judgment), or from seeking further direct appellate review, *see* MCR 7.205(F)(3) (generally prohibiting late appeals more than 12 months after entry of an order or judgment on the merits), in the state courts.

---

[1] It has been suggested that the holding in *Granberry* can be read as giving only *appellate* courts discretion to reach the merits of claims presented in mixed petitions. *See for example*, *Ybarra v. Sumner*, 678 F. Supp. 1480 (D. Nev. 1988). *Cf. Plunkett v. Johnson*, 828 F.2d 954, 956 (2d Cir. 1987); *Campas v. Zimmerman*, 876 F.2d 318, 323 (3d Cir. 1989) (dicta). Without analysis, the Sixth Circuit recently remarked that the district courts have the discretion to excuse exhaustion where the federal claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (*citing Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987)), *cert. denied*, 503 U.S. 922, 112 S. Ct. 1299 (1992). Likewise a federal habeas court need not require that a federal claim be first presented to the state courts if it is clear that the state courts would hold the claim procedurally barred or efforts to exhaust would otherwise be futile. *See e.g. Harris v. Reed*, 489 U.S. 255, 263, n.9, 109 S. Ct. 1038, 1043 n.9 (1989).

However, it appears that one other avenue of relief, known as the "Motion for Relief from Judgment," remains open to this Petitioner. *See* MCR 6.501 - 6.509.[2] The Motion for Relief from Judgment is a Michigan prisoner's exclusive means to challenge his conviction in the Michigan courts where he has already had an appeal by right or by leave, or has unsuccessfully sought leave to appeal, or who was unable to file an application for leave to appeal to the Court of Appeals because 12 months have elapsed since the judgment. See MCR 7.205(F)(3); Staff Comment to Rule 6.501. The proceedings are commenced by filing a motion in the same court from which the conviction arose, setting forth the grounds for the relief requested. Rule 6.502-503. If it plainly appears from the face of the materials filed that the defendant is not entitled to relief, the court may deny the motion without further proceedings. Rule 6.504(B). If the motion is not summarily dismissed in this manner, the court orders the prosecuting attorney to answer and conducts such other proceedings as are required. *Id.* The court may not grant relief on grounds which were previously decided against the defendant in a prior appeal or motion for relief from judgment, or where the grounds for relief (other than jurisdictional defects) could have been raised on appeal from the conviction or prior motion for relief from judgment, unless "good cause" and "actual prejudice" or "actual innocence" are demonstrated. MCR 6.508(D). A defendant may seek leave for appellate review of any adverse ruling in the Michigan Court of Appeals. MCR 6.509.

The Michigan courts will grant collateral review under this post-conviction procedure in very limited situations. As a result, cases such as *Castille v. Peoples*, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989), and *Teague v. Lane*, 489 U.S. 288, 297-299, 109 S. Ct. 1060, 1068-69

---

[2] It does not appear from this habeas corpus petition that Petitioner has previously filed a motion for relief from judgment. However, if Petitioner had previously filed such a motion, he would be barred from filing a successive motion unless he could show that it was based on a retroactive change in the law or on newly discovered evidence. MCR 6.502(G).

(1989), are called to mind. In those cases, the Supreme Court held that a procedural default is not cured by filing a motion for collateral relief pursuant to state law under which the merits of the claims will be considered only in limited circumstances. One might read these cases to suggest that a habeas corpus petitioner is not required to exhaust these available, but limited, state collateral remedies.

However, the Michigan collateral remedy is unique in that it offers review of previously unexhausted claims using a standard nearly identical to that which would be applicable upon review in this court. The circumstances under which a person can obtain review of the merits under MCR 6.500, et. seq., are limited. In fact, where the movant failed to raise the issues in an earlier appeal, as did the Petitioner in this case, the grounds are identical, or nearly identical, to those under which a federal habeas petitioner who has procedurally defaulted a claim under state law can obtain federal habeas corpus review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497 (1977). Under *Wainwright v. Sykes*, and its progeny, a federal court is barred from considering a claim which the state courts consider procedurally defaulted unless petitioner is able to show "cause and prejudice" or a "miscarriage of justice." *See e.g. Harris v. Reed*, 489 U.S. 255, 258, 109 S. Ct. 1038, 1040-41 (1989).[3] Similarly, the Michigan remedy allows for review only where the petitioner can show "good cause" for the procedural default and "actual prejudice" or "actual innocence." MCR 6.508(D).

Since the burden of proof is identical in either proceeding, the outcome in the state proceeding is no more "predetermined" (*see Castille*, 489 U.S. at 350, 109 S. Ct. at 1059-60) than

---

[3] For discussion of the terms "cause and prejudice" and "miscarriage of justice," the court in *Harris v. Reed*, 489 U.S. at 258, n. 2, 109 S. Ct. at 1041, n. 2, refers the reader to *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639 (1986) and *Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661 (1986). The term "miscarriage of justice" has been interpreted to mean "factual innocence."

the outcome on federal review. Accordingly, in my opinion, the Michigan remedy is just as "available" as the federal habeas remedy. Since the standard of review in the state courts is identical to that which would be applied by this court, resort to the Michigan remedy cannot be any more "futile" than resort to this court is. Where a state prisoner raises a claim for the first time in a petition for federal habeas corpus, and it has not yet been presented to the state courts, but review of that claim is available in a state proceeding, the state proceeding should first be exhausted before federal review is granted. In the opinion of the undersigned, such circumstances exist here.

Because it appears that Petitioner has not exhausted his available state court remedies, I recommend that the petition be dismissed.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant

service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application because he failed to exhaust his state court remedies. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed because he failed to exhaust his state court remedies. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. L.R.

- 7 -

13(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   July 11, 2006