UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY GLENN ALEXANDER #163680,

    *Petitioner*,

v.

    Case No. 2:06-cv-167
    HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    *Respondent*.

_____/

## MEMORANDUM AND ORDER

Anthony Glenn Alexander ("Alexander"), a state prisoner in the custody of the Michigan Department of Corrections, has filed a petition for writ of habeas corpus. The habeas petition states that Alexander was convicted after a jury trial in Michigan state court and the judgment of conviction was entered on May 30, 2001. Alexander cites 28 U.S.C. § 2241(c)(3) which provides that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws of the United States. The petition does not cite or rely on 28 U.S.C. § 2254. It appears that Alexander may be seeking to present his habeas petition solely under § 2241(c)(3) as part of a deliberate scheme to evade and circumvent the limitations and restrictions that apply to state prisoner habeas petitions brought under 28 U.S.C. § 2254.

Alexander contends he was not indicted in Michigan and he was "delivered up on requisition based on a false affidavit" that alleged he was a fugitive from justice. Alexander claims he is in custody in violation of Article IV, Section 2, Cl. 2 of the United States Constitution and 18 U.S.C.

1

§ 3182.  This Court expresses no opinion whether Alexander's claim may have any possible merit. The Court does not reach the alleged merits of Alexander's claim.

The habeas petition was referred to Magistrate Judge Timothy P. Greeley for initial review, and a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1(d).  The Magistrate Judge submitted the report and recommendation on July 11, 2006. [Doc. No. 5].  The Magistrate Judge correctly analyzes the habeas petition under 28 U.S.C. § 2254 because Alexander is seeking habeas relief after his trial and judgment of conviction in the Michigan state court.  The Magistrate Judge recommends that the habeas petition be denied and dismissed without prejudice on the ground that Alexander has not exhausted his available state remedies under Michigan law, MCR 6.501 - 6.509. Before Alexander may proceed with a habeas petition, he is required by 28 U.S.C. § 2254(b)(1) to exhaust his remedies available in the Michigan state courts. It is further recommended that a certificate of appealability be denied under 28 U.S.C. § 2253(c)(2).

There are objections by Alexander to the report and recommendation. [Doc. No. 7]. Alexander wants the Court to order respondent and the State of Michigan to answer the habeas petition, and for this Court to hold an evidentiary hearing.  Alexander argues he is entitled to habeas relief under 28 U.S.C. § 2241(c)(3) and he objects to the Magistrate Judge analyzing the petition pursuant to 28 U.S.C. § 2254.  Alexander contends that he is in "no way" challenging the validity of his Michigan state court conviction, and he is in "no way" asking this Court to correct any errors in his trial.  In short, Alexander insists that his habeas petition should be considered and adjudicated solely under 28 U.S.C. § 2241(c)(3), not 28 U.S.C. § 2254.

After reviewing the record *de novo*, the Court concludes that the objections are without merit and are **DENIED**.  Alexander is challenging the validity of his Michigan state court conviction.  The

2

Court agrees with the Magistrate Judge that the habeas petition must be analyzed under 28 U.S.C. § 2254. The Court also agrees with the Magistrate Judge that Alexander has not met his burden of demonstrating that he has exhausted his remedies available in the Michigan state courts as required by 28 U.S.C. § 2254(b)(1). The Court **ACCEPTS** and **ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).

Alexander is confused and misunderstands why 28 U.S.C. § 2254 applies here. 28 U.S.C. § 2254(a) provides that federal courts shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States. As the Sixth Circuit recently explained in *Allen v. White*, 2006 WL 1716712, * 2 (6th Cir. June 22, 2006), § 2254 allows state prisoners to collaterally attack either the imposition or the execution of their sentences. 28 U.S.C. § 2241 is the general statutory grant of authority to federal courts to issue writs of habeas corpus, and 28 U.S.C. § 2254 implements that authority with respect to state prisoners, like Alexander, who are in custody pursuant to the judgment of conviction of a state court. *See also Warren v. Miller*, 2005 WL 3007107, ** 2-3 (W.D. Mich. Nov. 9, 2005).

Although the text of either § 2241 or § 2254 would at first blush appear to confer habeas jurisdiction in the case at bar, § 2254 is properly understood as in effect implementing the general grant of habeas authority in § 2241, where the habeas petitioner is in custody pursuant to the judgment of a state court. *Allen*, 2006 WL 1716712, at * 2; *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004). 28 U.S.C. § 2254 is not an independent, additional post-conviction remedy for state prisoners beyond 28 U.S.C. § 2241. There is but a single remedy, the writ of habeas corpus. 28 U.S.C. § 2254(a) is more in the nature of a limitation on this Court's jurisdiction and authority to

issue writs of habeas corpus to state prisoners rather than a grant of independent and additional authority. *Allen*, 2006 WL 1716712, at * 2; *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).

In sum, Alexander's post-trial petition for writ of habeas corpus is governed by 28 U.S.C. § 2254 because Alexander is in custody pursuant to the judgment of the Michigan state court. The Sixth Circuit recognizes that there exists some question whether a state prisoner who is in custody pursuant to the criminal judgment of a state court may ever proceed under 28 U.S.C. § 2241. *Allen*, 2006 WL 1716712, at * 2 (citing *Cook v. NewYork State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)). Based on the Sixth Circuit's reasoning in *Allen*, this Court concludes that because Alexander is in custody pursuant to the judgment of the Michigan state court, he cannot maintain a habeas petition solely under 28 U.S.C. § 2241. Alexander may only challenge the imposition or execution of his sentence in federal court by bringing a habeas petition under 28 U.S.C. § 2254.

Any habeas petition filed by Alexander is subject to the restrictions of 28 U.S.C. § 2254. There is a single habeas corpus remedy for those persons imprisoned pursuant to a state court judgment and that remedy, generally authorized by 28 U.S.C. § 2241, is subject to all the provisions and restrictions in 28 U.S.C. § 2254. *Allen*, 2006 WL 1716712, at * 2; *see also Long v. Commonwealth*, 80 Fed. Appx. 410, 414, 2003 WL 22000286,* 4 (6th Cir. Aug. 21, 2003); *Greene v. Tennessee Department of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001) (28 U.S.C. § 2254 is exclusive vehicle for state prisoners in custody pursuant to state court judgment who wish to challenge anything affecting that custody, and bringing a habeas petition under 28 U.S.C. § 2241 will not permit prisoner to evade the requirements of § 2254); *Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000); *Warren*, 2005 WL 3007107, at ** 2-3.

It makes no difference that Alexander improperly pleads and mischaracterizes his habeas petition as being brought pursuant to 28 U.S.C. § 2241 and not 28 U.S.C. § 2254.  28 U.S.C. § 2254 clearly applies to and governs Alexander's habeas petition, regardless of whatever other statutory label he mistakenly chooses to give the petition.  *Allen*, 2006 WL 1716712, at * 2; *Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002).  Alexander cannot evade the requirements and limitations of 28 U.S.C. § 2254 simply by writing "28 U.S.C. § 2241(c)(3)" on his habeas petition.  *Greene*, 265 F.3d at 371; *Warren*, 2005 WL 3007107, at ** 2-3.

If a habeas petition brought by a state prisoner under 28 U.S.C. § 2241 is re-characterized by the Court *sua sponte* as being a habeas petition brought under 28 U.S.C. § 2254, and if the Court then proceeds to decide the habeas petition on the merits and is inclined to dismiss the petition with prejudice, the Court must first give notice to the petitioner and allow him the option of withdrawing the habeas petition.  *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004); *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002); *Perez v. Davis*, 2006 WL 1722212, * 2 (E.D. Mich. June 20, 2006).  A court's re-characterization of a habeas petition brought pursuant § 2241 as being a § 2254 petition without prior notice to the petitioner may bar him from asserting a habeas challenge to his sentence at a later date due to the limitations on filing second or successive § 2254 habeas petitions as provided in 28 U.S.C. § 2244(b).  This is not a problem or concern in the instant case because this Court is dismissing Alexander's habeas petition without prejudice on the ground of failure to exhaust state remedies under Michigan law.  There is no need to give him further notice and an opportunity to voluntarily withdraw his habeas petition.

Even if we assume *arguendo* that Alexander's habeas petition should for any reason be analyzed under 28 U.S.C. § 2241(c)(3), the Court still reaches precisely the same result.  It is well

5

settled that before Alexander can bring a habeas petition pursuant to § 2241, he is required to first exhaust his available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Dulworth v. Evans*, 442 F.3d 1265, 1269 (10th Cir. 2006); *Collins v. Million*, 121 Fed. Appx. 628, 2005 WL 221531, * 2 (6th Cir. Jan. 31, 2005); *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005); *Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir. 2001); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225-27 (5th Cir. 1987); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979); *Bauer v. Granholm*, 2006 WL 1374332, ** 3-4 (E.D. Mich. May 17, 2006); *Tyler v. Rees*, 2006 WL 319151, * 3 (E.D. Ky. Feb. 10, 2006). Consequently, regardless of whether Alexander's habeas petition is reviewed under § 2241(c)(3) or § 2254, the habeas petition must be dismissed for failure by Alexander to exhaust his remedies available in the Michigan state courts.

Accordingly, Alexander's habeas petition shall be **DENIED and DISMISSED WITHOUT PREJUDICE** for failure to exhaust his remedies available in the Michigan state courts. A separate judgment will enter.

Any appeal by Alexander from this decision would be frivolous and not taken in good faith. For the reasons expressed by the Magistrate Judge in the report and recommendation, a certificate of appealability is **DENIED** to Alexander under 28 U.S.C. § 225(c).

SO ORDERED.

Dated: August 30, 2006.

                                              */s/ R. Allan Edgar*
                                              R. ALLAN EDGAR
                                              UNITED STATES DISTRICT JUDGE